UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JON WALKER and PAMELA WALKER,
husband and wife,

    Plaintiffs,

vs.                        No. **17-657**

DILLARD'S, INC., a Delaware Corporation; GUY BRADY,
and BRIAN HUDSON,

    Defendants.

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Dillard's, Inc. ("Dillard's"), by and through its counsel of record, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (R.E. Thompson and Tiffany L. Roach Martin), hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the State of New Mexico, County of Bernalillo, Second Judicial District to the United States District Court for the District of New Mexico, Albuquerque Division. Dillard's files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Dillard's bases this removal on the following grounds:

### I.    THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.

Plaintiffs commenced this action by filing their "Complaint for Damages" ("Complaint") on April 26, 2017 in the Second Judicial District Court of the State of New Mexico, County of Bernalillo, titled *Jon Walker, et al. v. Dillard's, Inc., et al.*, D-202-CV-2017-02907. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all process, pleadings and orders filed in state court are attached to this Notice as Exhibit A.

1

The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial District Court for Bernalillo County, New Mexico. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

Dillard's was formally served with the Complaint on May 24, 2017. To date, neither Guy Brady nor Brian Hudson has been formally served with the Complaint. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service on Dillard's. No responsive pleadings to the Complaint have been filed in the state court action.

Dillard's files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the Second Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## II.     BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

## A.     The Citizenship of the Parties Is Completely Diverse.

According to the allegations of the Complaint, Plaintiffs, Jon and Pamela Walker, are, and were at the time they commenced this action, residents of Bernalillo County. Upon information and belief, Plaintiffs physically live in New Mexico and intend to remain there indefinitely. Thus, Plaintiffs are citizens of New Mexico for purposes of diversity. *See* Complaint ¶ 1.

Defendant Dillard's Inc. is, and was at the time Plaintiffs commenced this action, a Delaware corporation, with its principal place of business in Little Rock, Arkansas. Dillard's, Inc. is a citizen of the states of Delaware and Arkansas for diversity purposes. *See* 28 U.S.C. § 1332 (c)(1); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1151 (D.N.M. 2015) (providing that a corporation is considered a citizen of its state of incorporation and a citizen of the state where it has its principal place of business). Defendant Guy Brady is, and was at the time this action commenced, a resident of Queen Creek, Arizona who intends to remain there indefinitely. Thus, Mr. Brady is a citizen of Arizona for diversity purposes. *See Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080 (D.N.M. 2005) (Browning J.) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to explain that state citizenship for purposes of diversity jurisdiction "is the equivalent of domicile" and, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there"). Brian Hudson is, and was at the time this action commenced, a resident of Baton Rouge, Louisiana who intends to remain there indefinitely. Thus, Mr. Hudson is a citizen of Louisiana for diversity purposes. *See id.*

Therefore, the controversy between the Plaintiffs and Defendants is between citizens of different states.

**B.    The Amount in Controversy Exceeds $75,000.**

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). In the Complaint, Plaintiffs allege that Plaintiff, Jon Walker, was required to complete electrical work, as part of his maintenance duties at Dillard's, despite informing Mr. Brady and Mr. Hudson that he was not licensed to do so. *See* Complaint ¶ 27. Plaintiffs also allege that Jon Walker was ordered to

perform his work during store hours while the lights were energized. *See* Complaint ¶ 22. Plaintiffs allege that on August 11, 2015, Jon Walker was on an eight-foot ladder changing out a hot ballast and was electrocuted. *See* Complaint ¶ 32. Plaintiffs allege that Mr. Walker subsequently fell from the ladder, and that the electrocution and fall caused "serious, permanent injury to Jon and Pamela," as well as ongoing pain and suffering, and ongoing "extreme and severe mental anguish and emotional distress." *See* Complaint ¶¶ 33, 38. Plaintiffs bring causes of action for: 1) Negligence and Negligence Per Se; 2) Delgado v. Phelps Dodge Chino, Inc. [for intentional and egregious conduct by employer causing serious bodily injury to employee]; 3) Loss of Consortium; 4) Joint and Several Liability; 5) Conspiracy; 6) Compensatory Damages; and 7) Punitive Damages. *See* Complaint, Exhibit A.

Plaintiffs allege that as a result of Defendants' actions, they are entitled to damages in an amount to be proven at trial, including compensatory damages, attorneys' fees, and punitive damages. Complaint ¶¶ 33, 37, 50, 58-64, 65-66. Plaintiffs seek compensatory damages for physical pain and suffering, loss of enjoyment of life, lost income and earning capacity, lost household services, emotional distress, and loss of consortium, all relating to Mr. Walker's "serious" and "permanent" injuries arising from his electrocution and fall from a ladder.[1] Complaint. ¶¶ 33, 58-64. Plaintiffs claim that Defendants' actions "were taken willfully, wantonly and with reckless disregard for the life, health and safety of Plaintiffs," and that such actions entitle Plaintiffs "to an award of punitive damages." Complaint at ¶ 66. Additionally, in the WHEREFORE paragraph, Plaintiffs state that they request compensatory damages, punitive damages, pre-judgment and post-judgment interest "at the highest statutory rate," "attorneys [sic] fees to the extent permitted by law," and "Court costs and such other relief as the Court deems

---

[1] Although Plaintiffs allege that Defendants' conduct caused or contributed to Plaintiffs' "death" and "medical and funeral expenses," Dillard's believes that both Plaintiffs are still living, and that these allegations are in error. *See* Compl. ¶ 46.

proper." Complaint, WHEREFORE paragraph. Plaintiffs' Complaint does not pray for a specific amount of damages.

Although allegations in the Complaint may be sufficient to establish the amount in controversy for diversity-jurisdiction purposes, district courts are not confined to the Complaint and may rely on other evidence as well. *See McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008). The Court in *McPhail* explained that a defendant need only establish, by a preponderance of the evidence, "jurisdictional facts that ma[k]e it possible that $75,000 [i]s in play." *Id.* at 955. If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* Additionally, the Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Graham v. Troncoso*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015) (Browning, J.) (citing *Dart Cherokee Basin Operating Co. v. Owen*, 135 S. Ct. 547, 554 (2014)). *See also Zozaya v. Std. Ins. Co.*, No. 1:14-cv-00632 RB/CEG, 2015 U.S. Dist. LEXIS 179722, at *7 (D.N.M. Jan. 26, 2015) ("Generally, a defendant's notice of removal must include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, but does not need to incorporate evidence supporting that allegation."). The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation."

*Graham*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015) (citing *Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 554).

While Plaintiffs do not provide a specific dollar amount of damages in the Complaint, the amount that they have placed in controversy plainly exceeds $75,000. Plaintiffs seek compensatory damages and punitive damages for Defendants' alleged wrongful actions. This includes damages to compensate Plaintiffs for allegedly serious and permanent physical and emotional injuries related to Mr. Walker's electrocution by a "high voltage power source," Complaint at ¶¶ 21, 29, and fall from an eight foot ladder, Complaint at ¶ 32. These injuries allegedly required time away from work, affected Mr. Walker's ability to work and perform household services, and permanently affected the "emotional and physical fabric" of the Walkers' "long marriage," giving rise to a loss of consortium claim by Mrs. Walker. Complaint ¶¶ 49, 58-64. Fifty years ago, in 1967, the New Mexico Supreme Court affirmed a jury award of $40,000.00 for a similar claim involving a fall from a ladder and lost wages.[2] *See Tapia v. Panhandle Steel Erectors Co.*, 1967-NMSC-108, 78 N.M. 86. *See also Lane v. Wal-Mart Stores*, No. 97-8121, 1999 U.S. App. LEXIS 1684 (10th Cir. 1999) (affirming judgment in the amount of $282,649.86 in compensatory damages for injuries arising from two falls from ladders while at work). Moreover, cases involving serious injuries arising from electrocution or electric shock routinely involve damages above $75,000.00. *See, e.g.*, *Fisher v. United States*, 705 F. Supp. 2d 57 (D. Mass. 2010) (awarding plaintiff who was 50% negligent $965,372.50 in compensatory damages for serious injuries arising from electric shock); *Wahwasuck v. Kansas Power & Light Co.*, 828 P.2d 923 (Kan. 1992) (affirming compensatory damages award of $200,000.00 for injuries arising from on-the-job electric shock); *Louisiana Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999) (noting that trial court rendered judgment on jury verdict for $2.5 million

---

[2] When adjusted for inflation, this amount well exceeds the $75,000 threshold.

6

in compensatory damages arising from employee's electric shock and subsequent fall from a 30 foot ladder, and that parties subsequently settled); *Michaelis v. Farrell*, 296 P.3d 439 (Kan. Ct. App. 2013) ($120,412 in compensatory damages after plaintiff fell into electrified water and suffered anxiety and problems with memory and concentration as a result); *Moody v. Blanchard Place Apts.*, 793 So. 2d 281 (La. Ct. App. 2001) (affirming jury award of $362,611 in compensatory damages relating to plaintiff's electric shock from stove and subsequent fall backwards). In light of these jury verdicts, Plaintiffs' allegations of serious and permanent injury, pain and suffering, emotional distress, and lost wages arising from electrocution and a fall from a ladder make it possible that more than $75,000 is potentially in play. *See Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000) (a court may consider comparable jury verdicts in determining whether the amount in controversy threshold has been satisfied). *See also Ransom v. Wal Mart Stores, Inc.*, 920 F. Supp. 176, 177 (M.D. Ga. 1996) ("[d]efendant can satisfy its burden of proof [on removal] by showing that the Plaintiffs' verdict reasonably may exceed" the required amount in controversy); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995).

In addition to the allegations in the Complaint, Plaintiffs filed a Court-Annexed Arbitration Certification in state court, in which they represented that they "seek[] relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs, and attorney fees." *See* Exhibit A. *See McPhail* v. *Deere & Co.*, 529 F.3d at 954 (noting that estimates of counsel are sufficient evidence of the amount in controversy); *Aranda v. Foamex Intern.,* 884 F.Supp.2d 1186, 1206-07 (D.N.M. 2012) (relying on arbitration certification conceding that party seeks in excess of $25,000.00, exclusive of punitive damages, in finding amount-in-controversy satisfied). This is consistent with the case law discussed above,

all of which involves compensatory damages that exceed the $75,000 threshold. Thus, the Court can reasonably conclude that Mr. Walker's compensatory damages alone could exceed $75,000.00.

The calculation of the amount in controversy includes punitive damages and loss of consortium damages, in addition to Mr. Walker's compensatory damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994); *McPhail*, 529 F.3d at 957. Punitive damages are recoverable in New Mexico for torts evidencing "a culpable mental state" and conduct "rising to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 12, 118 N.M. 266. They have been awarded when employees suffer electric shocks on the job. *See, e.g.*, *Abeita v. N. Rio Arriba Elec. Coop.*, 1997-NMCA-097, 35-41, 124 N.M. 97 (affirming punitive damages award of $75,000.00 in wrongful death electrocution case). In this case, punitive damages are at issue because Plaintiffs allege, in their *Delgado* claim, that Dillard's intentionally and willfully ordered Mr. Walker into harm's way, causing his serious injuries. *See* Complaint at ¶¶ 38-47, 65-66.

In *Aranda v. Foamex Intern.,* 884 F.Supp.2d 1186 (D.N.M. 2012), this Court applied a conservative one-to-one ratio of compensatory to punitive damages, and found that the $75,000 threshold was met where the Plaintiff's injuries could put $45,000 in compensatory damages and an equal amount of punitive damages in play. *Id.* at 1207. *See also Woodward v. Newcourt Commercial Finance Corp.*, 60 F.Supp.2d 530, 532 (D.S.C. 1999) (Plaintiff's "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount" even though damages and attorneys' fees approximated $15,000). Moreover, The New Mexico Supreme Court has determined that a mathematical bright line

should not be used when calculating punitive damages, and that an award of punitive damage equaling 7.4 times the compensatory damages awarded would not violate a defendant's constitutional rights. *See Allsup's Convenience Stores, Inc. v. N River Ins. Co*., 1999-NMSC-006, ¶ 49, 127 N.M. 1.  Accordingly, Plaintiffs' contention that Dillard's actions willfully and intentionally caused Mr. Walker's serious and permanent injuries could support a punitive damages award exceeding the jurisdictional amount of $75,000, especially when considering that juries in other cases have awarded more than $75,000 in compensatory damages for serious injuries relating to electrocution and falls.

Considered together, the alleged damages in this case easily establish that Plaintiffs seek to "put in play" an amount well in excess of $75,000.  Accordingly, Dillard's has satisfied the jurisdictional amount threshold.   Because there is complete diversity between Defendants and Plaintiffs and because the amount in controversy exceeds $75,000.00, removal to this Court is appropriate.

## C.    Consent

Consent of "all defendants who have been properly joined *and served*" is required to properly effectuate removal.  28 U.S.C. § 1446(b)(2)(A) (emphasis added). *See also Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012) (holding that under the "clear statutory language," only "served defendants" must consent to removal); *Zambrano v. N.M. Corr. Dep't*, No. 17-cv-459 WJ/KBM, 2017 U.S. Dist. LEXIS 83662 (D.N.M. June 1, 2017) ("A defendant's consent to removal is not necessary where he or she has not been served at the time another defendant filed its notice of removal."); *May v. Bd. of Cnty. Comm'rs for Cibola Cnty.*, 945 F. Supp. 2d 1277, 1296 (D.N.M. 2013) (same).

Having filed this Notice of Removal, Defendant Dillard's, Inc. consents to removal. Because Defendants Guy Brady and Brian Hudson have not been served, however, they are not required to consent at this time under § 1446(b)(2)(A). If they are properly served, they will have 30 days to determine whether they wish to join in and consent to this notice of removal. *See* § 1446(b)(2); *Zambrano*, 2017 U.S. Dist. LEXIS 93662, at *4 (citing *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1208 (D.N.M. 2012), for the proposition that "[t]he Court follows the 'last-served rule' where 'the clock begins running on each defendant to either remove a case or join a removal petition when that defendant receives formal service of process'"); *Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 U.S. Dist. LEXIS 45672, at *40 (D.N.M. Apr. 30, 2009) (explaining that under last-served defendant rule, a defendant served after a notice of removal is filed may decide whether to join the existing removal petition).

WHEREFORE, Dillard's requests that this Court assume full jurisdiction over this case as provided by law.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By:___*/s/ Tiffany L. Roach Martin*_____
   R.E. Thompson
   Tiffany L. Roach Martin
   500 Fourth Street NW, Suite 1000 (87102-2168)
   P.O. Box 2168
   Albuquerque, New Mexico  87103-2168
   Telephone: 505.848.1800
   Facsimile: 505.848.1899
   *Attorneys for Defendants*

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was mailed to all counsel of record, this 19th day of June, 2017:

Clayton E. Crowley
4811 Hardware Drive NE
Building D, Suite 5
Albuquerque, NM 87109
(505) 314-1450
cec@crowleygribble.com
*Attorney for Plaintiffs*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Tiffany L. Roach Martin*
    Tiffany L. Roach Martin

*Y:\dox\client\29018\0119\PLEADING\W2956660.DOCX*