IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JON WALKER and PAMELA WALKER,

        Plaintiffs,

v.                                                   CV 17-657 MV/KK

DILLARD'S, INC., a Delaware Corporation;
GUY BRADY, and BRIAN HUDSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Dillard's, Inc.'s Motion to Compel Arbitration and Dismiss Plaintiffs' Claims with Prejudice or in the Alternative, Stay Proceedings [Doc. 12]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## BACKGROUND

Dillard's has an intranet program whereby its employees are required to electronically execute an agreement to arbitrate. Doc. 12-1 at ¶¶ 4-5. Specifically, an employee logs on to the Dillard's intranet by entering his User ID or Associate Identification Number ("AIN"), and his password. *Id.* at 6. The employee is presented with Dillard's Rules of Arbitration and Agreement to Arbitrate Legal Claims (collectively, the "Arbitration Agreement"). *Id.* at ¶ 7. To electronically agree to and sign the Arbitration Agreement, an employee scrolls through the Arbitration Agreement, and then clicks "I agree," and enters his AIN and password. *Id.* at ¶ 9. Dillard's maintains records of its employees' electronically executed arbitration agreements on its intranet. *Id.* at ¶ 12.

Plaintiff Jon Walker was employed as a maintenance engineer at Dillard's Store 921, located in Albuquerque, New Mexico, from approximately March 24, 1998 through December 3, 2015. Doc. 12-1 at ¶ 15; Doc. 1-1 at ¶ 2. Although he does not recall electronically signing an agreement to arbitrate, Doc. 16 at ¶ 3, Dillard's has submitted to the Court an Arbitration Agreement dated July 6, 2011, containing Mr. Walker's electronic signature, AIN, and password. Doc. 12-1, Ex. 1. Additionally, Dillard's has submitted two prior versions of its Arbitration Agreement, one dated August 22, 2001, which contains Mr. Walker's handwritten signature, and one dated November 30, 2005, which contains Mr. Walker's electronic signature. Doc. 18-2, Exs. A-B.

The 2011 Arbitration Agreement containing Mr. Walker's electronic signature provides that "the Company and the Associate agree that the procedures provided in these Rules will be the sole method used to resolve any dispute over Legal Claims arising between them." Doc. 12-1, Ex. 1 at 1. "Legal Claim" is defined as "a claim which would be recognized by a court of competent jurisdiction as stating a claim which would be remediable under existing law in that jurisdiction." *Id.* at 9. The Arbitration Agreement further states that Legal Claims include "any common law claims" and "personal injuries." *Id.* at 2. Under the heading, "Enforcement," the Arbitration Agreement provides: "Any dispute over a Legal Claim concerning this Agreement – the way it was formed, its applicability, meaning, enforceability, or any claim that all or part of this Agreement is void or voidable – is subject to arbitration under this Agreement." *Id.* at 8.

On the final page of the Arbitration Agreement, entitled "Agreement to Arbitrate Legal Claims," there is a heading in bold, capital letters and underlined, that reads:

**IMPORTANT NOTICE:   THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY TRIAL AND TO PURSUE LITIGATION IN COURT, READ IT CAREFULLY BEFORE SIGNING.**

Id. at 12.   The first paragraph below this heading states:   "This Agreement contains the rules and procedures that Dillard's, Inc. and associates must follow to resolve any disputes between them over Legal Claims."   *Id.*   The last line of the document states "WE AGREE TO ARBITRATE OUR LEGAL CLAIMS AND TO ABIDE BY THE RULES OF ARBITRATION:"   *Id.*   Immediately following the last line are the electronic "authorized signature" of Paul J. Schroeder, on behalf of "the Company", and the electronic signature of Mr. Walker, as the "Associate."   *Id.*

On August 11, 2015, while at work, Mr. Walker was electrocuted and, as a result, fell from a ladder.   Doc. 1-1 at ¶ 33.   As a result of Mr. Walker's injuries, Mr. Walker and his wife, Pamela Walker, commenced the instant action by filing their Complaint for Damages on April 26, 2017 in the Second Judicial District Court of the State of New Mexico, County of Bernalillo.   Doc. 1-1.   Plaintiffs named as Defendants Dillard's and Guy Brady and Brian Hudson, both managerial employees of Dillard's.   *Id.* at ¶ 5.   The Complaint alleges claims of negligence and negligence per se, *Delgado v. Phelps Dodge Chino, Inc.*, loss of consortium, and conspiracy, seeks compensatory and punitive damages, and seeks to hold Defendants jointly and severally liable.   Doc. 1-1.   After being served with the Complaint on May 24, 2017, on June 19, 2017, Dillard's removed the action to this Court.   Doc. 1.   To date, neither Mr. Brady nor Mr. Hudson have been served with the Complaint.

On the instant motion, Dillard's requests that the Court compel Plaintiffs to arbitrate their claims against it.   Plaintiff opposes the motion.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration provisions in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Under the FAA, such arbitration provisions "are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA creates "a substantive rule applicable in state as well as federal courts." *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984). To implement this substantive rule, "a party may apply to a federal court for a stay of the trial in an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" 9 U.S.C. § 3. Describing the FAA as "a liberal federal policy favoring arbitration," the Supreme Court has emphasized "the fundamental principle that arbitration is a matter of contract," and, accordingly, that "courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms." *AT&T Mobility LLC v. Conception*, 131 S. Ct. 1740, 1745 (2011).

The FAA, however, "was not enacted to force parties to arbitrate in the absence of an agreement." *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1286 (10th Cir. 1997). Rather, Congress' concern "was to enforce private agreements into which parties had entered." *Id.* Accordingly, "[t]he existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked." *Id.* at 1287.

## DISCUSSION

Dillard's moves to compel Plaintiffs to arbitrate their claims against it. In support of its motion, Dillard's argues that the Arbitration Agreement, electronically signed by Mr. Walker on July 6, 2011, is valid and enforceable, and that Plaintiffs' claims fall squarely within the scope of that Agreement. Dillard's further requests that the Court dismiss Plaintiffs' claims or,

alternatively, stay Plaintiffs' claims against it pending resolution of the arbitration. Plaintiffs oppose Dillard's motion to compel, arguing that: (1) there is no evidence of a valid and binding agreement to arbitrate, as Dillard's has not produced a signed copy of the Arbitration Agreement; and (2) any such Agreement is unenforceable for lack of consideration. Plaintiffs also argue that they are entitled to further discovery on the issue of the existence and/or enforceability of the Arbitration Agreement.

I. <u>The Evidence Establishes that the Parties Entered into an Agreement to Arbitrate.</u>

Plaintiffs argue that Dillard's has failed to establish the existence of an agreement to arbitrate between Mr. Walker and Dillard's because Dillard's has failed to "produce[] a signed copy of the arbitration agreement." Doc. 16 at 1. This argument is perplexing, as Dillard's did in fact submit, as an exhibit to its motion, a copy of the Arbitration Agreement, dated July 6, 2011, containing Mr. Walker's electronic signature. While Mr. Walker represents that he does not *recall* electronically signing the Arbitration Agreement, he has come forward with no evidence to refute that he signed, electronically, the Arbitration Agreement submitted with Dillard's motion.

Where the parties dispute the existence of an arbitration agreement, "a court may grant a motion to compel arbitration if there are no genuine issues of material fact regarding the parties' agreement." *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012) (citations omitted). The court "should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." *Id.* On a motion to compel arbitration, the moving party "bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement." *Bellman v. i3Carbon, LLC*, 563 F.

5

App'x 608, 612 (10th Cir. 2014).

Here, Dillard's has presented evidence that, since 2001, it has required each of its employees to electronically execute an agreement to arbitrate, and that it keeps on its intranet copies of all such electronically executed agreements. Consistent with that evidence, Dillard's has presented a copy of the Arbitration Agreement with Mr. Walker's electronic signature. Further, Dillard's has presented copies of two prior versions of the Arbitration Agreement, both also signed by Mr. Walker. This evidence is sufficient to demonstrate the existence of an enforceable agreement.

In the face of this evidence, Plaintiffs present no more than Mr. Walker's representation that he does not *recall* electronically signing an agreement to arbitrate in 2011. This representation is insufficient to raise a genuine dispute of material fact regarding the existence of the Arbitration Agreement. *See, e.g., Burcham v. Expedia*, No. 07CV1963, 2009 WL 586513 (E.D. Mo. Mar. 6, 2009) (plaintiff's denial that he ever saw or read terms of Expedia's online clickwrap agreement, which requires user to specifically assent to terms of use before proceeding further, insufficient to invalidate agreement); *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 451-51 (E.D.N.Y. 2013) (fact that plaintiff did not remember agreeing to, and did not believe she agreed to, forum selection clause contained in defendant's terms of service insufficient to overcome evidence that in order to have obtained and maintained a JDate.com account, a user was required to click a box confirming that she had both read and agreed to website's terms and conditions); *Fteja*, 841 F. Supp. 2d at 834 (declarations filed by defendant's employees, screenshots of defendant's website, and defendant's current website, which indicated that potential members must agree to website's terms of service in order to join site, negated force of plaintiff's argument that he did not remember agreeing to website's forum selection clause when he

6

joined). The Court thus finds that Dillard's and Mr. Walker entered into the Arbitration Agreement.

II.  Whether the Arbitration Agreement is Unenforceable for Lack of Consideration is for the Arbitrator to Decide.

Citing *Piano v. Premier Distrib. Co.*, 107 P.3d 11 (N.M. Ct. App. 2004), Plaintiffs argue that the Arbitration Agreement is unenforceable because it lacks valid consideration under New Mexico law. The Arbitration Agreement, however, contains a "delegation provision" that specifically states that any dispute as to "the way [the Arbitration Agreement] was formed, its applicability, meaning, *enforceability*, or any claim that all or part of this Agreement is void or voidable . . . is subject to arbitration under this Agreement." Doc. 12-1, Ex. 1 at 8 (emphasis added). The controversy over whether the Arbitration Agreement is unenforceable for lack of consideration falls squarely within this delegation provision. Dillard's asks the Court to enforce the delegation provision and, in keeping with that provision, compel Plaintiffs to arbitrate the issue of the enforceability of the Arbitration Agreement.

The Supreme Court has consistently "held that parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). An "agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.* Accordingly, when the parties' agreement contains a provision that delegates the arbitrability question to an arbitrator "by 'clear and unmistakable evidence,'" the "court may not override the contract," and "possesses no power to decide the arbitrability issue." *Id.* at 529-30. Importantly, unless the

7

party opposing arbitration "challenge[s] the delegation provision specifically," as opposed to "challeng[ing] only the validity of the contract as a whole," this Court "must enforce it under §§ 3 and 4 [of the FAA], leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010).

Here, the Arbitration Agreement clearly and unmistakably delegates to the arbitrator any dispute as to the enforceability of the Agreement. In their opposition, Plaintiffs do not challenge this delegation provision and, indeed do not "even mention the delegation provision." *Id.* Rather, Plaintiffs challenge "only the validity of the contract as a whole." *Id.* As a result, this Court is constrained to treat the delegation provision as valid and enforce it, leaving any challenge to the enforceability of the Arbitration Agreement – due to lack of consideration or otherwise – for the arbitrator. *See id*.

III. <u>Plaintiffs Have Failed to Demonstrate A Need for Further Discovery.</u>

Plaintiffs argue that, if their opposition is insufficient to rebut Dillard's prima facie case, they "should be allowed to conduct limited discovery on the issue of the alleged electronic signature on 07/06/11." Doc. 16 at 4. "In enacting the FAA, Congress intended that proceedings to compel arbitration be 'expeditious and summary,' 'with only restricted inquiry into factual issues.'" *THI of NM at Hobbs Ctr., LLC v. Spradlin*, 532 F. App'x 813, 819 (10th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983)). Accordingly, "[t]o obtain discovery in opposition to a motion to compel arbitration, the arbitration opponents must at least show how discovery would 'assist[ ] them in opposing the motion to compel arbitration.'" *Id.* (quoting *Wolff v. Westwood Mgmt., LLC,* 558 F.3d 517, 521 (D.C. Cir. 2009)).

Here, Plaintiffs fail to show, as they must, how discovery would assist them in opposing Dillard's motion to compel arbitration. First, Plaintiffs' request for discovery is based on the faulty premise that Dillard's has not provided a copy of the Arbitration Agreement electronically signed by Mr. Walker on July 6, 2011. As discussed above, Dillard's submitted a copy of that Agreement with its motion. Further discovery will not result in the production of a document that has already been produced. Nor have Plaintiffs shown how discovery as to "the manner in which Mr. Schroeder, Jr., could reasonably sign off on employment documents" would be of any assistance in opposing Dillard's motion, as the mechanism by which Mr. Schroeder signed the Arbitration Agreement on behalf of Dillard's is irrelevant to Plaintiffs' specific challenges to the validity of the Arbitration Agreement, namely, whether *Mr. Walker* signed it and whether it was supported by consideration. Doc. 16 at 4. Finally, Plaintiffs have not shown the need for discovery as to "whether there is actually a meeting of the minds that could have resulted in a binding agreement in light of the ethereal nature of this particular agreement." *Id.* As Dillard's has produced a signed copy of the Arbitration Agreement, there is nothing "ethereal" about it, or Mr. Walker's assent thereto. Discovery as to a "meeting of the minds" would not change the fact that Mr. Walker signed the Arbitration Agreement; nor would it shed light on the issue of consideration. Accordingly, Plaintiffs' have failed to meet their burden of demonstrating that additional discovery is warranted.

IV.  This Court Will Stay the Instant Proceedings as Against Dillard's.

"Regarding a suit brought in federal court 'upon any issue referable to arbitration under an agreement in writing for such arbitration,' the [FAA] provides the district court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.'" *Adair Bus Sales v. Blue Bird Corp.*, 25 F.3d

9

953, 955 (10th Cir. 1994) (quoting 9 U.S.C. § 3). In its motion, Dillard's moves this Court for a dismissal of Plaintiff's claims against it, or, in the alternative, a stay of the action pending arbitration. The Court finds it proper to grant a stay of the action, as against Dillard's, pending arbitration. *See id.*

## CONCLUSION

The undisputed facts demonstrate that the parties entered into an agreement to arbitrate. The undisputed facts further demonstrate that the parties agreed that it is for the arbitrator, not this Court, to determine the enforceability of the Arbitration Agreement. Plaintiffs have failed to demonstrate their need for additional discovery. Having found that the issues in this case should be referred to arbitration, the proper course is for this Court to stay the action, as against Dillard's, pending arbitration.

**IT IS THEREFORE ORDERED** that Dillard's, Inc.'s Motion to Compel Arbitration and Dismiss Plaintiffs' Claims with Prejudice or in the Alternative, Stay Proceedings [Doc. 12].is **GRANTED** as follows: : (1) Dillard's request for an order compelling arbitration of Plaintiff's claims against it is **GRANTED**; (2) this Court **ORDERS** Plaintiff to arbitrate the claims asserted in this action against Dillard's in accordance with the terms of the Arbitration Agreement; and (3) Dillard's request for an order to stay this lawsuit, as against it, pending the completion of arbitration is **GRANTED.**

DATED this 20th day of March 2019.

_____
MARTHA VAZQUEZ
United States District Judge